IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARY ANN BROWN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DR. PREETINDER SIDHU, and VA MEDICAL CENTER, Veterans Health Administration;<br><br>　　　　　　Defendants. | 8:20CV342<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　On October 1, 2020, the court entered Judgment dismissing this case without prejudice when Plaintiff failed to pay the $400.00 filing fee by September 25, 2020. (Filing 7.) On October 14, 2020, the court received a fax from Plaintiff requesting that the case be reopened. (Filing 8.) Plaintiff indicates she has been very sick and was hospitalized for a heart attack on October 10th; Plaintiff also indicates she is willing and able to submit the $400.00 filing fee.

　　　Liberally construing Plaintiff's request to reopen the case as a motion for relief from judgment, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the court will grant relief. Rule 60(b) permits the court to relieve a party from a final judgment for excusable neglect, among other reasons.

　　　Excusable neglect is an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Kurka v. Iowa City*, 628 F.3d 953, 959 (8th Cir. 2010). To determine whether conduct is excusable, courts consider several factors, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014). The reason for the delay is a key factor in the analysis, but the excusable neglect inquiry is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Id.*

Considering that this case was dismissed without prejudice prior to service of process, that Plaintiff acted with reasonable promptness after receiving the court's Judgment, and that Plaintiff has been in ill health, allegedly as a result of medication which is issue in this case, the Judgment will be set aside and Plaintiff will be given additional time to pay the court's filing fee.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to reopen case (Filing 8), treated as a motion for relief from judgment filed pursuant to Rule 60(b), is granted.

2. The court's Memorandum and Order entered on October 1, 2020 (Filing 6) is withdrawn.

3. The court's Judgment entered on October 1, 2020 (Filing 7) is set aside and vacated.

4. Plaintiff will have 30 days from the date of this Memorandum and Order to pay the $400.00 filing fee. Failure to do so will result in dismissal of this matter without further notice.

5. The clerk of the court is directed to set the following pro se case management deadline: **November 16, 2020**: deadline for filing fee payment.

Dated this 16th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge